```
                  UNITED STATES BANKRUPTCY COURT
                    SOUTHERN DISTRICT OF FLORIDA
                          MIAMI DIVISION



 IN RE:                              CASE NO. 19-14602-AJC
                                     Chapter 11
 SELECTIVE ADVISOR GROUP, LLC,

          Debtor.
 _____/




                         ECF# 116, 121


                        October 21, 2020


            The above-entitled cause came on for hearing
 before the Honorable A. JAY CRISTOL, one of the Judges
 in the UNITED STATES BANKRUPTCY COURT, in and for the
 SOUTHERN DISTRICT OF FLORIDA, remotely via CourtSolutions,
 at  301 North Miami Avenue,  Miami,  Miami-Dade County,
 Florida, on  October 21, 2020, commencing at or  about
 2:00 p.m., and the following proceedings were had:



          Transcribed from a Digital Audio Recording by:
                Margaret Franzen, Court Reporter
```

```
 1        APPEARANCES VIA COURT SOLUTIONS:
 2
 3           DAVID W. LANGLEY, P.A., by
             DAVID W. LANGLEY, ESQUIRE
 4            On behalf of the Debtor
 5
 6           JUAN RAMIREZ, JR., ESQUIRE
              On behalf of NLG, LLC
 7
 8
             JOEL M. ARESTY, P.A., BY
 9           JOEL M. ARESTY, ESQUIRE
            On behalf of Elizabeth Hazan
10
11
          ALSO PRESENT VIA COURT SOLUTIONS:
12
13               SEAN NEIL MEEHAN
14     ECRO - Electronic Court Reporting Operator
15
                    - - - - - - -
16
17
18
19
20
21
22
23
24
25
```

1                    (The recording begins in the middle of a
2     sentence at 2:02:53.)
3                    THE COURT:  -- a motion to clarify, and
4     Court Paper 120, a -- or actually, 116, a motion to
5     release cash bond.
6                    MR. RAMIREZ:  Judge, I'm also here for --
7     for NLG, Juan Ramirez, R-a-m-i-r-e-z.
8                    THE COURT:  Okay.  Well, let's go up to the
9     first matter on the calendar, which was filed by
10    Astrid Gabbe, Court Paper 121.
11                   Is someone here on that matter?
12                   MR. RAMIREZ:  Yes, Judge, Juan Ramirez.
13                   These all are related to the order from the
14    District Court that remanded the matter back for the Court
15    to state the loadstar for the award of $9500.
16                   The matter has pretty much been litigated
17    and appealed, and the only thing left to resolve is that
18    loadstar, because the Court affirmed you in every other
19    respect, just said that you had to specify the loadstar,
20    the number of hours times the hourly rate.
21                   And we submitted to you a proposed motion
22    with the hours, and suggesting that you could arrive at
23    that amount by -- by -- let's see, 21.11 hours at $450 an
24    hour, would get you to the 9500.
25                   I don't want to spend $9500 litigating the

1  9500, and Mr. Langley wants to take my deposition.  That's
2  all been determined and -- and now it's just here for
3  remand on the loadstar.
4              THE COURT:  All right.  Anyone else wish to
5  be heard?
6              MR. LANGLEY:  David Langley appearing on
7  behalf of Selective.
8              Judge, if I could be heard, and I would also
9  point out that ---
10             THE COURT:  Certainly.
11             MR. LANGLEY:  Yes, and we filed a response
12 at ECF 123.
13             Judge, ECF 118 is Judge Williams' order
14 remanding the case for, quote, "lack of particularized
15 accounting," end quote.  So she remanded the case for
16 further findings.
17             What NLG now has filed at ECF 121, is a
18 table of fees, just some listings, it's not sworn to, it
19 doesn't say -- say who did the work, it doesn't say the
20 hourly rate for that person.  They're suggesting a rate,
21 but we'd like to take some discovery, first of all.
22             And I would also point out that in the order
23 remanding the case, Judge Williams made some very specific
24 findings.  She stated she -- she quoted from our motion,
25 our brief, that your ruling did not state an hourly rate

1  or the number of hours, so there hasn't been a finding yet
2  as to an hourly rate, and she said that what should be
3  awarded must be, quote, "incurred as a direct result of
4  the violation," end quote.
5              So that was her remand instructions on
6  Page 13 of her order, to set an hourly rate, to figure out
7  the number of hours, and only those that were incurred as
8  a direct result of the violation.
9              So also I'd point out at Page 15 of
10 Judge Williams' order, she specifically rejected NLG's
11 cross appeal where they said fees should -- should have
12 also been awarded for getting the Selective case
13 dismissed.  She specifically rejected that.
14             And if you'll look at what they're asking
15 for now, they're asking for quite a few hours.  They're
16 looking for 11.9 hours all related to the motion to
17 dismiss, which she has specifically rejected.
18             So as we pointed out in our opposition,
19 Judge, Judge Williams said the fee awarded must be
20 causally linked to the sanctionable conduct,
21 Judge Williams citing to In Re:  Turner, a Southern
22 District of Florida case.
23             Now, NLG, with no new affidavit, no
24 testimony is requesting an even larger fee.  They're
25 requesting 11.9 hours for a motion to dismiss, which she

1   specifically rejected; 2.8 hours for filing an objection
2   to a notice of withdrawal; .7 hours for drafting some
3   unrelated order; 2.7 hours for some unrelated motion;
4   1.2 hours for a reply to an unrelated matter; and
5   3.6 hours for drafting a response to our motion for
6   extension of time, nothing to do with the sanctions award.
7              So the Court, Judge Williams, has said that
8   the fine must be -- must be based -- this is a quote,
9   "must be based on proof of the complaint -- complainant's
10  actual loss."
11             Judge Williams said that in a similar order
12  remanding a similar award in the Hazan case, Case Number
13  18-10389, with which you're very familiar, Judge, at
14  ECF 921, citing to the Chase & Sanborn case.  So her
15  ruling makes it very clear that there should be an
16  evidentiary hearing, and we should be entitled to take
17  some discovery.
18             And I would just further point out that when
19  we had something similar come up in the Hazan case, where
20  that same amount of $9500 was awarded as a sanction
21  against Mr. Ramirez and NLG, that went up on an appeal,
22  ended up with the same judge, Judge Williams, and she
23  remanded it with a similar order, making similar findings
24  that there weren't sufficient findings in the sanctions
25  order on hourly rate or number of hours.

1            And following that in the Hazan case, you
2    entered an order at Docket Entry 924, order setting
3    hearing on remand, in which you stated the Court disagreed
4    and reversed the Bankruptcy Court's sanction order,
5    directing the Bankruptcy Court to specify on remand how
6    the Court determined the amount of the 9500 was
7    appropriate -- was an appropriate award of sanctions.
8            The Court instructed this Court to conduct
9    further proceedings to justify an appropriate sanction,
10   and you go on to say, having reviewed that, you believe
11   the matter should be set for hearing to determine the
12   status of these proceedings and to set a further
13   evidentiary hearing pursuant to the District Court's
14   order.
15           And that's essentially what we're asking for
16   here, an evidentiary hearing where we can determine who
17   actually did this work, whether it was Mr. Ramirez or
18   somebody else, how much time was spent, what actually
19   applies just to this Rule 11 motion, and get a more
20   appropriate amount awarded.
21           THE COURT:  Thank you.  Anyone else?
22           MR. RAMIREZ:  If I may respond?  Yes, Judge,
23   if I may respond?
24           THE COURT:  You need to identify ---
25           MR. RAMIREZ:  First of all, we filed ---

1              THE COURT:  Excuse me, identify yourself for
2    the electronic recorder and then proceed.
3              MR. RAMIREZ:  Sorry, Judge.
4              Yes, this is Juan Ramirez on behalf of NLG
5    responding to Mr. Langley.
6              Judge, we already filed our affidavit a long
7    time ago.  It's Doc Number 76.  That was the basis for
8    your award.  The -- if you read Judge Smith's -- District
9    Judge's order, she does not say you have to have an
10   evidentiary hearing.  In fact, she says specifically that
11   the right to discovery was waived by not requesting it
12   before your hearing.
13             The only thing she says is that for
14   effective appellate review, the Court would need to
15   determine, that would be you, whether the award is
16   reasonable under the loadstar method.  So she wants to
17   have you determine the hourly rate and the total number of
18   hours.
19             You don't need to do anything further.  You
20   don't need an evidentiary hearing.  You can simply take
21   the record that was made before you issued your $9500
22   award, and specify the number of hours and the hourly
23   rate.
24             Now, I suggested all along, months and
25   months ago, that your other award against us and this

1  award should cancel each other and we settle it that way.
2  I've proposed that a number of times, but they'd rather
3  spend more and more hourly rates, and more and more
4  attorneys' fees litigating these things.
5              Side issue, we're waiting for the appeal
6  from the -- the main case, which is the adversary, it's
7  pending before the 11th Circuit.  We have oral argument
8  in -- in January, and this appeal of the -- of the award
9  that was made because they perjured themselves in the
10 petition for bankruptcy.
11              Remember, it was a petition filed by
12 Selective for the purpose of delaying a hearing in
13 New York on a motion to vacate, and -- and it was an
14 improper purpose, and they did not (inaudible) in New York
15 already for the same Chapter 11 bankruptcy petition.
16              We don't want to keep litigating, NLG,
17 myself, Mr. Kosachuk, Ms. Astrid Gabbe, none of us want to
18 be spending hours and hours and hours litigating this.
19 You can simply take -- and on remand, determine the
20 loadstar and be done with this.
21              THE COURT:  Thank you, Mr. Ramirez.
22              MR. RAMIREZ:  Thank you.
23              THE COURT:  Anyone else that has not been
24 heard that wishes to be heard?
25              Anyone that's been heard that needs to be

1  heard further?  All right.
2              MR. LANGLEY:  Judge, David Langley ---
3              THE COURT:  Yes, sir.
4              MR. LANGLEY:  Judge, David Langley for
5  Selective.
6              THE COURT:  Go ahead.
7              MR. LANGLEY:  Just on that issue of -- just
8  on the issue of waiver.  Judge Williams didn't
9  find that -- in the prior pleadings we asked for an
10 evidentiary hearing before you set the sanctions amount
11 and we didn't get that.  Judge Williams rejected one of
12 our arguments that the case should be reversed
13 specifically for that issue.
14             She did not say that we're not entitled to
15 discovery.  She's basically saying there should be an
16 evidentiary hearing.  If there's going to be an
17 evidentiary hearing this time, we're clearly entitled to
18 discovery.
19             MR. RAMIREZ:  Judge, I would ask that
20 Mr. Langley point out where in the order does she order an
21 evidentiary hearing.  The language is very specific for
22 you to determine the loadstar only.  You don't need an
23 evidentiary hearing.  You can simply take the submissions
24 that were made to the Court and -- and justify the
25 loadstar and be done with this.

1          Now he wants to take my deposition on -- on
2  something that she specifically said was waived, and that
3  is something that she explicitly stated in her order.
4          MR. LANGLEY: Judge ---
5          THE COURT: Okay.
6          MR. LANGLEY: David Langley again.
7          At Page 13 of Judge Williams' order, it
8  says, the Court must determine whether the fees awarded
9  were incurred as a direct -- direct result of the
10 violation.  That determination has not been made and no
11 representations by -- under oath have been made by NLG on
12 that issue.
13         MR. RAMIREZ: Judge, as I said, we filed ---
14         THE COURT: Okay.  Are we all done?
15         MR. RAMIREZ: Judge, if I may?  Juan Ramirez
16 again.
17         Judge, Doc Number 76 has my affidavit, and
18 this is -- you know, like I challenge them to say where
19 she said there has to be an evidentiary hearing, and the
20 language he quoted does not include that language.
21         There is nothing in the order that can be
22 construed to require an evidentiary hearing on something
23 that's been determined already.
24         THE COURT: Okay.  Are we all done?
25         The Court will take this matter under

1  advisement.  It will allow each side 21 days to submit
2  with the Court a proposed order on Court Paper 121, as
3  well as any memorandums, briefs or documents, and after
4  the Court has had an opportunity to review both
5  submissions, the Court will make a determination on
6  whether it can carry out the directions of the mandate or
7  whether an evidentiary hearing is necessary before the
8  matter can be concluded, and so until then, we'll be
9  looking for your submissions.
10             As to the other matter on the calendar, 116,
11 motion to release cash bond, that's ---
12             MR. ARESTY:  Yes, Judge.
13             THE COURT:  Tell us about it.
14             MR. ARESTY:  Yeah, if the Court please, if
15 the Court please, I filed that motion.
16             Judge, if you notice on the CourtSolutions
17 dashboard, a Mr. Sean Meehan is on the listen only below
18 the line call.  Mr. Meehan is Elizabeth Hazan's husband,
19 and she borrowed money to pay a supersedeas bond in this
20 case when there was a judgment for $9500, and that bond
21 remains with the Court.
22             The motion at bar, Document 116, asks the
23 Court to release and return the cash bond to Mr. Meehan.
24             Judge, there's no judgment as we -- as we
25 meet here today at this hearing.  It's been remanded, and

1  Mr. Meehan needs to receive the supersedeas bond back.  As
2  I said, he borrowed money to pay it, and he needs to repay
3  that money, and there's no reason right now to have a
4  supersedeas bond when the case has been remanded and
5  there's no existing judgement.
6              THE COURT:  Well, I thought there is an
7  existing judgment, in part, and it's only been remanded in
8  part.
9              MR. RAMIREZ:  That would --
10             MR. ARESTY:  Regardless of (inaudible),
11 Judge ---
12             MR. RAMIREZ:  -- be my argument, Judge.
13             MR. ARESTY:  Well, let me just finish,
14 Mr. Ramirez.
15             Judge, even if that is true, and I -- and I
16 don't presume it's not, that really isn't the issue before
17 the Court in -- in Doc 116.
18             Regardless of whether there's a judgment,
19 Mr. Meehan wants the supersedeas bond released, and we
20 understand, and that would dissolve any stay that was
21 appurtenant to the -- to the bond, but the people who put
22 the money in want it released, and they understand there's
23 no stay as a result.
24             Thank you.
25             THE COURT:  Any response?

1       MR. RAMIREZ: Judge, they already obtained a
2  stay for months and months and months. Now they want the
3  release of the bond.
4       The -- the judgment was not reversed and
5  vacated, it was simply remanded for further proceedings
6  consistent with the order, and the order simply says that
7  you have to determine the loadstar.
8       So I think the judgment is still on the
9  books, it's still a valid judgment, and they should -- the
10 bond should remain until we resolve this issue of -- of --
11 of the loadstar, and, you know, at that point, if they
12 want it released, then it should be released to NLG, not
13 to Mr. Meehan.
14      THE COURT: Very well. Anything further
15 from any party?
16      MR. ARESTY: Judge, this is Joel Aresty
17 again.
18      I would just point out that the case is not
19 presently in need of a stay pending appeal, and regardless
20 of whether there's a judgment, the -- the parties who
21 placed the bond have the right to seek that it be -- the
22 stay be dissolved and the bond returned.
23      THE COURT: What -- what's the purpose of
24 the bond, Mr. Aresty?
25      MR. ARESTY: The bond was a supersedeas

1  bond, Judge.  You ordered $9500 in sanctions, and there
2  was a motion for stay pending appeal, and the stay was
3  conditioned upon the filing of a bond.
4              The bond was paid in cash into the Court
5  registry of the Bankruptcy Court, and now that it's back
6  from appeal, the parties who borrowed the money to pay the
7  bond wish to have the bond returned and the stay
8  dissolved.
9              THE COURT:  And if the stay is dissolved,
10 then what can happen to who?
11             MR. ARESTY:  Well, theoretically, Judge, if
12 there was an active judgment, then somebody could seek to
13 enforce it against the parties involved.
14             THE COURT:  Well, it appears that the matter
15 is still in the process of the appeal, and, therefore, it
16 would be inappropriate to release the bond at this time.
17 When the entire appellate procedure is final, then, of
18 course, the bond can either be released or enforced,
19 depending on where it goes.
20             So the Court will deny the motion for the
21 release of the bond without prejudice.  If you think you
22 know something that I've overlooked, you're free to file a
23 motion to reconsider, and so in this case, that would be
24 Mr. Langley will draw the order denying without prejudice.
25             Anything further on these matters?

1               MR. RAMIREZ:  Well, Judge, I can draw the
2     order since we were the ones opposing the motion.
3               THE COURT:  Oh, okay.  Go ahead,
4     Mr. Ramirez, draw the order and run it by Mr. Aresty.
5               MR. RAMIREZ:  Thank you, Judge.
6               THE COURT:  Okay.  Anything further on the
7     Selective matter?  If not, let me ask all of you to stay
8     safe and healthy, and we'll see you again some time, I'm
9     sure.
10              Thank you.  Let's move on.  Susan ---
11              MR. RAMIREZ:  You, too, Judge.
12              MR. LANGLEY:  Thank you, Judge.
13              MR. ARESTY:  Thank you, Judge.  Stay safe
14    everybody.
15              THE COURT:  Thank you all.
16              (Thereupon, the hearing was concluded.)
17
18
19
20
21
22
23
24
25

CERTIFICATION

STATE OF FLORIDA       :

COUNTY OF MIAMI-DADE   :

      I, Margaret Franzen, Court Reporter and Notary Public in and for the State of Florida at Large, do hereby certify that the foregoing proceedings were transcribed by me from a digital recording held on the date and from the place as stated in the caption hereto on Page 1 to the best of my ability.

      WITNESS my hand this 20th day of November 2020.

_____

MARGARET FRANZEN

Court Reporter and Notary Public
in and for the State of Florida at Large
Commission #GG187411
April 14, 2022